UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

OJ COMMERCE LLC                    Case No: 0:19cv62777
    Plaintiff
v.

STANDARD SALES, INC
    Defendant
_____/

## COMPLAINT

Plaintiffs, OJ Commerce, LLC ("OJC") hereby brings this action for damages and other relief against Defendant STANDARD SALES, INC ("SS") for violation of the Lanham Act, and related Florida State claims, and states the following:

### PARTIES

1. Plaintiff OJC is a Delaware limited liability company with its principal place of business in Broward County, Florida. OJC's single member resides in Florida. OJC is an online retailer which is engaged in interstate commerce, and also sells consumer goods on the Amazon marketplace.

2. Defendant SS is a California Corporation, with its principal place of business in Los Angeles, California, and is also doing business under the name "Stansport" or "Stansport Inc". SS is a wholesale manufacturer or distributor, and also sells consumer camping goods to Amazon.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as its a federal action based on a violation of 15 U.S.C. § 1125, and this Court has supplemental

jurisdiction over the related Florida State claims, pursuant to 28 U.S.C § 1367 as they arise from the same case or controversy as the federal claims.

4. This Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

5. This Court has personal jurisdiction over Defendant SS pursuant to Fla. Stat. § 48.193, as SS committed an intentional tortious act within this State.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claim occurred in this district.

## INTRODUCTION

7. Amazon is the largest online marketplace for consumer goods, and retailers compete for customers by providing competitive pricing, and quality services. Amazon allows multiple sellers to sell the same item, having different prices and services. Such fair competition is conducive to a healthy marketplace, where the consumer is the ultimate beneficiary, getting the best price and highest level of service.

8. Defendant SS wants to eliminate competition, and distribute its products exclusively to Amazon. To accomplish that goal, SS resorted to an illegal path of making malicious accusations against OJC, and filing false counterfeit claims on Amazon sellers, in an effort to remove them from the Amazon marketplace entirely.

9. OJC is a local South Florida business, whose success heavily relies on selling its products online and on the Amazon marketplace. Defendant SS is well aware of Amazon's strict intellectual property policies, and the devastating ramifications such false counterfeit claims may

have on OJC.  Such false claims can destroy OJC's entire business by completely eliminating all of its selling privileges on the Amazon marketplace. Yet SS chose a malevolent path of mayhem and destruction, and resorted to use all means necessary to remove sellers from the Amazon marketplace, including willful tortious conduct.

## FACTS COMMON TO ALL COUNTS

10. OJC sells a large number of consumer goods, including a product named Enamel Camping Tableware Set, 24-Piece, Blue. (the "Camping Tableware").

11. OJC receives all of its inventory for the Camping Tableware from its authorized distributors, and sells only authentic Camping Tableware.

12. One of the marketplaces OJC sells its Camping Tableware, is on www.amazon.com, the Amazon marketplace website.

13. Defendant SS is a wholesale manufacturer and distributor of Camping Tableware, and also sells consumer camping goods to Amazon.

14. Amazon has established a strict anti-counterfeiting policy, whereby any product that is reported as counterfeit is immediately removed from the Amazon marketplace, and adds a negative flag on the seller's account, as a counterfeit seller.

15. As part of Amazon's anti-counterfeiting policy, a seller that receives claims of selling counterfeit merchandise, ultimately results in such seller's loss of selling privileges, and its funds being withheld.

16. On October 30, 2019, Defendant SS filed a claim with Amazon against OJC, alleging that the Camping Tableware it sells on the Amazon marketplace is counterfeit. A copy of the complaint is hereby attached as Exhibit A. (the "Counterfeit Claim").

17. Defendant SS's Counterfeit Claim is false, as OJC's Camping Tableware is legitimate, authentic, and not counterfeit.

18. Immediately after the false Counterfeit Claim was filed, OJC sent a notice to SS advising that its claim is false, and asked for an immediate retraction, but SS refused such retraction. A copy of the demand letter is hereby attached as Exhibit B.

19. Defendant SS opened the Counterfeit Claim with the full knowledge that its allegations are false, but did so in order to remove OJC as a seller on the Amazon marketplace, and sell the item exclusively to Amazon without any competition.

20. As a result of Defendant SS's false Counterfeit Claim, Amazon immediately removed OJC's Camping Tableware from the Amazon marketplace, and flagged OJC as a counterfeit seller.

21. Defendant SS's false Counterfeit Claim put OJC at a significant risk that its selling privileges on the Amazon marketplace will be lost, and its funds withheld by Amazon.

22. Defendant SS's false Counterfeit Claim caused significant harm to OJC's business reputation and goodwill, as consumers and vendors alike refuse to do business with a counterfeit retailer.

23. Plaintiff retained the undersigned counsel, and has agreed to pay its reasonable attorney's fees.

### COUNT I - Violation of the Lanham Act (15 U.S.C. § 1125)

24. Plaintiffs repeats and reallege paragraphs 1 through 23, as it fully set forth herein.

25. Defendant SS made a false statement of fact, by filing the Counterfeit Claim with Amazon.

26. The Counterfeit Claim was done as part of commercial promotion of Defendant SS's Camping Tableware sales on the Amazon marketplace, and to prevent consumers from purchasing OJC's Camping Tableware on the Amazon marketplace.

27. Furthermore, Amazon as the marketplace facilitator, acts as the gatekeeper of authentic products to the consumer to remove all counterfeit items from its marketplace, and therefore the Counterfeit Claim was directed and targeted towards all of Amazon's consumers.

28. The Counterfeit Claim actually deceived Amazon into believing that OJC's Camping Tableware is counterfeit, as Amazon removed the Camping Tableware from its marketplace.

29. Defendant SS's actions were conducted within the realm of interstate commerce, as the Amazon marketplace consumers are spread across the entire continental United States.

30. Defendant SS's false Counterfeit Claim actually caused monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks monetary damages, SS's actual profits from its wrongful actions, the costs of the action, reasonable attorney's fees, pursuant to 15 U.S.C. § 1117(a); and injunctive relief against SS in the form of a retraction of its false Counterfeit Claim with Amazon, and enjoin SS from filing any false claims against OJC, pursuant to 28 U.S.C. § 2201(a).

### COUNT II - Defamation

31. Plaintiffs repeats and reallege paragraphs 1 through 23, as it fully set forth herein.

32. Defendant SS disseminated false and defamatory Claim against OJC, namely that it sells a counterfeit Camping Tableware.

33. Such defamatory statement was made towards a third party, Amazon, without any privilege or other valid reason.

34.  Defendant SS knowingly made the false statement with reckless disregard for the truth.

35.  Defendant SS's publication of the Counterfeit Claim caused monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks damages, special damages, consequential damages, punitive damages, together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT III - Tortious Interference with Business Relationship

36.  Plaintiff repeats and reallege paragraphs 1 through 23, as it fully set forth herein.

37.  Plaintiff has a business relationship with Amazon, whereby OJC lists its products on the Amazon marketplace for sale to the public at large, in return for a commission paid to Amazon.

38.  Defendant SS knew of the business relationship, and specifically targeted that business relationship when it opened the false Counterfeit Claim with Amazon against OJC.

39.  Defendant SS intentionally and unjustly interfered with OJC's Amazon business relationship for its personal gain, in order to gain an unfair competitive advantage on the Amazon marketplace.

40.  Defendant SS's tortious interference caused monetary harm to OJC.

41.  WHEREFORE, Plaintiff OJC seeks damages, special damages, consequential damages, punitive damages, together with court costs, interest, and any other relief this Court deems just and proper.

### COUNT IV - Florida Deceptive and Unfair Trade Practices (Fla. Stat. § 501.201 et seq.)

42.  Plaintiff repeats and reallege paragraphs 1 through 23, as it fully set forth herein.

43. Defendant SS's false Counterfeit Claim against OJC with Amazon is an unfair trade practice.

44. Defendant SS's false Counterfeit Claim was performed within SS's course of trade or commerce.

45. Defendant SS's unfair trade practice caused monetary harm to OJC.

WHEREFORE, Plaintiff OJC seeks monetary damages, the costs of the action, and reasonable attorney's fees, injunctive relief against SS in the form of a retraction of its false Counterfeit Claim with Amazon, and enjoin SS from filing any false claims against OJC, pursuant to Fla. Stat. § 501.211.

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL ISSUES TRIABLE BY RIGHT**

Dated: November 6, 2019.

        Respectfully submitted,

        Shlomo Y. Hecht, P.A.
        3076 N Commerce Parkway
        Miramar, FL 33025
        Phone: 954-861-0025
        Fax: 615-413-6404

        By: /s/ <u>Shlomo Y Hecht</u>
        Florida State Bar No.: 127144
        Email: sam@hechtlawpa.com
        Attorney for Plaintiff